Henry E. I. DuPONT and Martha V. DuPont, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 79–210.

United States District Court, D. Delaware.

Jan. 16, 1980.

Robert E. Schlusser of Murdoch & Walsh, P. A., Wilmington, Del., for plaintiffs.

James W. Garvin, Jr., U. S. Atty., and Peggy L. Ableman, Asst. U. S. Atty., Wilmington, Del. and John J. McCarthy, Edward J. Snyder and Gregory S. Hrebiniak, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## OPINION

STEEL, Senior District Judge:

Henry E. I. and Martha V. DuPont ("plaintiffs") have sued the United States of America to obtain a refund of minimum taxes which they paid for the calendar year 1973, under Section 56 of the Internal Revenue Code of 1954, 26 U.S.C. § 56.[1] The Court has jurisdiction by virtue of 28 U.S.C. § 1346(a)(1) (1976). The matter is before the Court on cross-motions for summary judgment based upon the pleadings and a stipulation of facts. The parties agree that the material facts are not in dispute.

The motions present two questions: (1) whether the plaintiffs' 1973 liability for the minimum tax should be increased solely because a net operating loss incurred in 1974 was carried back and eliminated the 1973 income tax liability; and (2) whether the Internal Revenue Service ("IRS") assessed the minimum tax for 1973 within the statutory period of limitations provided by the Internal Revenue Code.

### The Minimum Tax Question

The minimum tax is imposed by Section 56 of the Internal Revenue Code. As in effect for 1973, Section 56 provided in pertinent part:

(a) In General.—In addition to the other taxes imposed by this chapter, there is hereby imposed for each taxable year, with respect to the income of every person, a tax equal to 10 percent of the amount (if any) by which—

(1) the sum of the items of tax preference in excess of $30,000 is greater than

(2) . . .

(A) the taxes imposed by this chapter for the taxable year . . . . . .

Section 56 imposes a tax on items of tax preference. Section 1 of the Internal Revenue Code imposes a tax on taxable income. Hereinafter the "minimum tax" refers to the tax imposed by Section 56; and "income tax" refers to the tax imposed by Section 1. First Stipulation of Facts, Doc. No. 7, ¶ 3 (hereinafter Stip. ¶ ____).

The point in controversy arises from the following salient facts:

The plaintiffs' joint tax return for 1973 reported taxable income of $3,292,783.03. The taxable income was computed after taking into account a deduction of $8,301,383.75, which was 50% of the net long term capital gains realized by the plaintiffs in 1973. Stip. ¶ 8. The $8,301,383.75 deduction constituted a "tax preference" within the meaning of Section 56(a)(1).[2]

\* \* \* \* \* \*

(9) *Capital gains.*—

(A) Individuals.—In the case of a taxpayer other than a corporation, an amount equal to one-half of the amount by which the net long-term capital gain exceeds the net short-term capital loss for the taxable year.

---

1. Hereafter all citations to sections are to sections of the Internal Revenue Code of 1954.

2. I.R.C. § 57, entitled "Items of Tax Preference," provides in pertinent part:

(a) *In General.*—For purposes of this part, the items of tax preference are—

As of May 28, 1975, the plaintiffs' liability for 1973 taxes was computed from their 1973 return as filed and was assessed as follows:

| | |
|---|---:|
| Income tax | $2,109,331.71 |
| Self-employment tax | 104.00 |
| Minimum tax | 616,205.20 |
| | $2,725,640.91 |

Stip. ¶ 26.

The plaintiffs' liability for minimum tax of $616,205.20 was computed as follows:

| | | |
|---|---:|---:|
| Long-term capital gains deduction | | $8,301,383.75 |
| Less: Minimum tax exclusion | | 30,000.00 |
| | | $8,271,383.75 |
| Income tax liability for 1973 | $2,159,848.15 | |
| Less: Investment credit | 50,516.64 | |
| Income tax deduction | | $2,109,331.71 |
| Minimum tax base | | $6,162,052.04 |
| Minimum tax rate (10%) | | x .10 |
| Minimum tax | | $ 616,205.20 |

Stip. ¶ 14.

For the purpose of the present case, the parties do not dispute the amount of the "income tax" and "minimum tax" as shown by the 1973 return. The controversy exists because in 1974 the plaintiffs sustained a net operating loss of $4,458,964 which the IRS allowed to be carried back to 1973. Stip. ¶ 22. When this 1974 net operating loss was carried back to 1973, the plaintiffs' taxable income for 1973, as adjusted by the IRS, resulted in a negative figure of $662,-579. Stip. ¶ 23.[3] Effective January 1, 1975, the IRS allowed the plaintiffs a refund for 1973 income tax payments and abated their unpaid 1973 income taxes. Stip. ¶ 24. This elimination of all taxable income of the plaintiffs for 1973 resulted in a deficiency in the minimum tax of $210,903, computed as follows:

| | | |
|---|---:|---:|
| Long-term capital gains deduction | | $8,301,383.75 |
| Less: Minimum tax exclusion | | 30,000.00 |
| | | $8,271,383.75 |
| Less: Income tax liability for 1973 | | .00 |
| Minimum tax base proposed | | $8,271,383.75 |
| Minimum tax rate (10%) | | x .10 |
| Minimum tax liability proposed | | $ 827,138.00 |
| Minimum tax paid on May 28, 1975 | | 616,205.00 |
| Proposed minimum tax deficiency | | $ 210,933.00 |

**3.** The record does not show the make up of the disallowed deductions of $503,602 shown in

Stip. ¶ 32. The minimum tax of $210,933, together with interest thereon of $64,693.85, amounted to a total deficiency of $275,-626.85. This latter amount was assessed by the IRS against the plaintiffs on June 26, 1978. Stip. ¶ 33. On May 31, 1978, the plaintiffs had deposited $275,626.85 with the IRS in anticipation of this assessment. Stip. ¶ 34.

On August 8, 1978, the plaintiffs filed a claim for a refund of the entire amount that had been assessed on June 26. Stip. ¶ 36. When the IRS failed for six months to take any action on the refund claim, the plaintiffs on May 4, 1979, filed the present suit based on that claim. Stip. ¶¶ 38 and 39.

On September 12, 1978, the IRS adopted regulations under Section 57 for the first time. Based upon these regulations, on September 10, 1979, the IRS partially allowed the plaintiffs' refund claim to the extent of $65,507. Stip. ¶¶ 40 and 41.

The IRS maintains that since the net operating loss deduction resulted in a total refund of the plaintiffs' 1973 income taxes, there were no "taxes imposed . . . for the taxable year" to deduct from the amount of their tax preferences when computing the minimum tax. As a result, the plaintiff's minimum tax for 1973 must be increased by the amount assessed. On the other hand, the plaintiffs maintain that the legislative history of Section 56 establishes that the minimum tax for a given year was not intended to be adjusted based upon carrybacks of net operating losses sustained in future years. Accordingly, they argue that the elimination of their 1973 income tax liability by the loss carryback should have no effect on the amount of minimum tax owed.

The argument in support of the IRS' position is stated at page 5 of its brief in support of its motion for summary judgment (Doc. 10). It is so convincing that the Court finds it unnecessary to paraphrase the argument but instead adopts it as its own:

¶ 23 of the Stipulation. However, for present purposes this is not material.

"The Code is silent with respect to the literal effect of a net operating loss carryback on the minimum tax computations; this silence follows on the obviousness of the result when applying the most elementary tax law. Quite simply, Section 56 provides that the minimum tax will be computed on the amount of tax preferences less 'the taxes imposed . . . for the taxable year.' Income taxes for any year are imposed on taxable income. Section 1, Internal Revenue Code of 1954. Taxable income is derived, in part, by subtracting deductions from gross income. Section 63, Internal Revenue Code of 1954. A net operating loss carryback is a deduction. Section 172, Internal Revenue Code of 1954. The deduction reduces the income tax and thus enlarges the base to which the minimum tax applies, i. e., tax preferences.

Despite the clarity of the law, plaintiffs apparently take the position that the phrase 'the taxes imposed by this Chapter for the taxable year' refers only to the tax liability exclusive of any loss carryback. Actually, plaintiffs expect the Court to amend the phrase to read 'taxes imposed . . . for the taxable year except that no carryback loss deduction should be considered in computing that tax.' "

Moreover, the conclusion reached by the IRS finds substantiation with irrefutable logic in Rev.Rul. 75–299, 1975–2 C.B. 21.[4]

The plaintiffs argue, despite the clear wording of the section, that the legislative history of the 1970 amendment to Section 56 demonstrates that the omission by Congress of any provision for "carrybacks" was a deliberate decision that the minimum tax should not be affected by "carrybacks." This argument rests upon the fact that the amendment as proposed provided for "tax

carrybacks and carryovers" but as finally enacted the "tax carryback" provision was eliminated and only the "tax . . . carryover" provision was retained. From this, however, it does not follow that Congress intended that a net operating loss carryback should have no effect upon the minimum tax.

The plaintiffs' argument is based upon a misconception of what the proposed amendment to Section 56 was designed to accomplish. H.R. 16199, 91st Cong., 2d Sess. (1970), embodies the amendment as finally proposed. (p. 23, plaintiffs' brief, Doc. 9).[5] It stated that if the income tax liability in any given year exceeded the tax preferences for that year, the excess shall be a "tax carryback for each of the three taxable years preceding such year and a tax carryover to each of the five taxable years following such year."[6] The amendment to H.R. 16199 says nothing about "net operating loss carrybacks", the matter of present concern. It dealt only with the circumstances under which a taxpayer could carry back and carry forward "*taxes*", not "*net operating losses.*" Consequently, the failure of Congress to enact the proposed amendment as it related to "tax carrybacks" had nothing to do with whether Congress intended that a "net operating loss carryback" should affect the computation of the minimum tax.

■ Under Section 56, the minimum tax will vary depending upon the amount of income tax paid and the amount of the tax preferences. The minimum tax is designed to require a taxpayer who pays no or a small income tax as a result of tax preferences to pay a minimum tax which is larger than the taxpayer who pays a greater amount of income tax relative to his tax

---

4. A copy of the revenue ruling is attached to this opinion.

5. The plaintiffs state at p. 23 of their brief, Doc. 9:

Introduced in varying forms by Senator Miller during 1970 (as Senate Bills 3851 and 4443 and as an amendment to H.R. 17473

(91st Cong., 2d Sess.)), the amendment finally began its course to law as an amendment to H.R. 16199 (91st Cong., 2d Sess.).

6. *See* 116 Cong.Rec. S21367 (daily ed. Dec. 29, 1970).

As enacted, the 1970 amendment permitted a carryover for seven taxable years, but no carryback. See I.R.C. § 56(c) (West 1973).

preferences.[7] The argument the plaintiffs make, if accepted, would run counter to this basic purpose of the minimum tax. An allowance of the refund claimed by the plaintiffs would result in their paying minimum tax for 1973 of $616,205, regardless of whether they paid an income tax of $2,109,-331.71, as originally computed, or no income tax at all after a recomputation based on the net operating loss carryback, even though in each instance the tax preferences were the same. This argument strikes at the heart of the object which the minimum tax was designed to accomplish and is not acceptable.

Other arguments of the plaintiffs have been considered and are rejected. To accept them would lead to a result shown by prior argument to be contrary to the basic purpose of the minimum tax.

### Statute of Limitations

Plaintiffs argue that the statute of limitations set forth in Section 6501(a) is a bar to the June 26, 1978 tax assessment based in turn upon the deficiency notice of March 15, 1978. Section 6501(a) reads:

> [T]he amount of any tax imposed by this title shall be assessed within 3 years after the return was filed . . . and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.

Plaintiffs filed their 1973 tax return on October 15, 1974, in accordance with an extension granted by the IRS. Stip. ¶ 6. The assessment of June 26, 1978, was obviously more than three years after the filing by plaintiffs of their tax return and is clearly barred if Section 6501(a) is applicable. The applicable period of limitation is not Section 6501(a) but Section 6501(h), which states:

In the case of a deficiency attributable to the application to the taxpayer of a net operating loss carryback . . ., such deficiency may be assessed at any time before the expiration of the period within which a deficiency for the taxable year of the net operating loss . . . which results in such carryback may be assessed.

■ The 1973 deficiency came about as a result of the application of the net operating loss carryback which occurred in 1974. Accordingly, the deficiency for the 1973 tax could be assessed at any time before the expiration of the three year period within which a deficiency for 1974 may be asserted. That period began to run on April 15, 1975, the prescribed date for the filing of the 1974 return. Less than three years thereafter, on March 15, 1978, the statutory notice of deficiency was mailed. Stip. ¶ 28. This precluded any further IRS action for 90 days, that is until June 15, 1978. I.R.C. § 6213(a). This in turn tolled the running of the limitations period until June 15 and for another 60 days thereafter. I.R.C. § 6503(a). Since the IRS assessed the deficiency on June 26, 1978, Stip. ¶ 33, it did so well within the period during which the running of the statute of limitations was tolled by Section 6503(a).

The assessment was therefore timely and not barred by the statute of limitations.

### Conclusion

The plaintiffs' motion for summary judgment will be denied. The United States' cross-motion for summary judgment will be granted.

This opinion constitutes the Court's findings of fact and conclusions of law, as required by Fed.R.Civ.P. 52(a).

---

**7.** Senator Miller explained the philosophy behind the minimum tax as follows:

> The philosophy behind the minimum tax, as explained on the floor of the Senate, was that those people who do not pay very much or no income tax at all, as a result of tax preferences, should be required to pay a minimum tax; but those who pay a reasonable amount of tax in comparison with their tax preferences should not have to pay a minimum tax.

116 Cong.Rec. S21368 (daily ed. Dec. 29, 1970).

APPENDIX

Rev.Rul. 75–299, 1975–2 C.B. 21.

### Part VI.—Minimum Tax for Tax Preferences

### Section 56.—Imposition of Tax

*(Also Section 6411; 1.6411–2.)*

**Minimum tax affected by loss carryback.** A corporation with a net operating loss carried back to a year in which it incurred a liability for the minimum tax under section 56 of the Code and forward to subsequent years must recompute its minimum tax and the loss carried forward may not be used to determine deferred liability under section 56(b).

### Rev.Rul. 75–299

Advice has been requested concerning the effect of a net operating loss carryback and carryover on a previously determined minimum tax and whether the deferral provisions of section 56(b) of the Internal Revenue Code of 1954 are applicable under the circumstances described below.

Corporation *M*, a financial institution, uses the cash receipts and disbursements method of accounting and files its Federal Income Tax returns on a calendar year basis. In its Federal income tax return for 1971, *M* reported a net operating loss that, when applied, completely eliminated all taxable income for the years 1968, 1969, 1970, and 1972, and was finally used up in 1973. In its Federal income tax return for 1970, *M* incurred a minimum tax liability of 26x dollars. *M* incurred no minimum tax liability for the taxable years 1971, 1972, and 1973.

As a result of the 1971 net operating loss, *M* received a refund of all Federal income taxes paid (other than the minimum tax paid for 1970 for the years 1968, 1969, 1970, and 1972. Since one step of the calculation to determine minimum tax includes an offset based on Federal income taxes imposed upon the taxpayer, the question is raised whether *M*'s 1970 minimum tax must be recalculated and thereby increased since, due to the refund, it no longer has a Federal income tax offset to be applied against

its total of items of tax preference. Also, a further question raised is whether section 56(b) of the Code will permit a deferral of the 1970 minimum tax liability.

Section 6411 of the Code provides, in part, as follows:

(a) Application for Adjustment.—A taxpayer may file an application for a tentative carryback adjustment of the tax for the prior taxable year affected by a net operating loss carryback provided in section 172(b), * * * from any taxable year. * * *

Section 56(b) of the Code provides, in part, as follows:

(1) In general.—If for any taxable year a person—

(A) has a net operating loss any portion of which (under section 172) remains as a net operating loss carryover to a succeeding taxable year, and

(B) has items of tax preference in excess of $30,000,

then an amount equal to the lesser of the tax imposed by subsection (a) or 10 percent of the amount of the net operating loss carryover described in subparagraph (A) shall be treated as tax liability not imposed for the taxable year, but as imposed for the succeeding taxable year or years pursuant to paragraph (2).

Section 6411 of the Code, which provides for carryback adjustments, refers to the recomputation of "the tax" for the prior taxable year to which the net operating loss carryback is applied. The term "the tax" is not defined by the statute or the regulations. However, the net operating loss provisions of section 172 were designed by Congress to place the taxpayer in the same tax position as if the loss had occurred in the taxable year to which it is carried. Therefore, under this principle, if *M* had incurred the net operating loss in 1970, the minimum tax would have been higher.

Accordingly, a recomputation of "the tax" pursuant to section 6411 of the Code includes a recomputation of the minimum tax.

With respect to the question of whether section 56(b) of the Code will permit a deferral of the 1970 minimum tax liability, it must be noted that the statutory language of section 56(b) requires that the minimum tax to be deferred must arise in the net operating loss year, not in a carryback or carryover year to which the net operating loss is applied. The minimum tax liability deferral provisions of section 56(b) refer only to minimum tax liability arising from a year for which there was a net operating loss and that deferral is allowed only to the extent that realization of the benefit of the tax preference items is postponed to a loss carryover year. M's minimum tax liability arose not from the year in which the net operating loss was incurred (1971) but from a prior year (1970) to which the net operating loss was carried.

Accordingly, the minimum tax liability deferral provisions of section 56(b) of the Code are not applicable in this case since the liability did not arise in the year in which the net operating loss arose but rather in a year to which the net operating loss was carried.